CITY OF ROME, Appellant, *v.* JOHN R. FOOT, Respondent.

Fourth Department, December 6, 1916.

Municipal corporations — city of Rome — violation of ordinance regulating sale of toy pistols, etc.— constitutional law — police power — provisions of city charter construed — remedies under charter for violation of ordinance.

Ordinance 73 of the city of Rome provides among other things that no person shall keep for sale, offer for sale, or have in his possession for use, within the limits of said city, any toy pistols or toy cannons of any description whatever in which powder of any kind can be exploded, blank cartridge pistols or toy revolvers, etc., and section 2 of said ordinance provides that "Any person * * * violating any of the provisions of this ordinance shall forfeit and pay a penalty of not exceeding $50.00 for each offense." A complaint substantially conforming to section 251 of the present city charter in an action brought to recover the fine or penalty for a violation of said ordinance, was filed in the City Court, and thereupon a warrant conforming to section 252 of the charter was issued. The defendant denied the material allegations of the complaint, claimed that the ordinance was unconstitutional, and demanded a jury trial. The evidence showed that only a toy pistol for the shooting of paper caps had been purchased from the defendant.

*Held*, that the action was a civil action and that a judgment of the County Court reversing a judgment of the City Court in favor of the plaintiff must be affirmed, because the evidence failed to establish a violation of the ordinance.

The ordinance is a reasonable exercise of the police power.

Section 236 of the charter, as amended, authorized the city judge to try the action without a jury, and to determine the amount of the penalty.

Three remedies are provided by the charter for the violation of an ordinance: (1) A criminal action; (2) a civil action begun by summons; and (3) a civil action begun by warrant.

APPEAL by the plaintiff, City of Rome, from a judgment of the Oneida County Court in favor of the defendant, entered in the office of the clerk of said county on the 17th day of November, 1915, reversing an alleged judgment of the City Court of the city of Rome, in form imposing a penalty of six cents upon the defendant for violating the seventy-third ordinance of said city.

*Albert J. O'Connor* [*Gilbert R. Hughes* of counsel], for the appellant.

*S. E. Spinning*, for the respondent.

DE ANGELIS, J.:

The ordinance in question provides, among other things, that no person shall keep for sale, offer for sale, or have in his possession for use within the limits of the city of Rome, any toy pistols or toy cannons of any description whatever in which powder of any kind can be exploded, blank cartridge pistols or toy revolvers, etc. Section 2 of the ordinance is as follows: "Any person  *  *  *  violating any of the provisions of this ordinance shall forfeit and pay a penalty of not exceeding $50.00 for each offense."

A complaint substantially conforming to section 251 of the present charter of the city of Rome (Laws of 1904, chap. 650) in an action brought to recover the fine or penalty for a violation of the ordinance in question was filed in the City Court and thereupon a warrant conforming to section 252 of the charter was issued by the City Court for the arrest of the defendant. The defendant was arrested under the warrant and brought before the city judge in the City Court. He was attended by counsel, filed an answer denying the material allegations of the complaint and demanded a jury trial. In the answer the defendant took the ground that the ordinance was void because it was enacted in violation of the Constitutions of the United States and State of New York and because it was an unreasonable exercise of the police power.

The evidence showed that a boy, nine years of age, a resident of Albany, but visiting in Rome, bought at the defendant's place of business in the city of Rome a toy pistol for five cents; that the boy bought it to shoot paper caps with; that such caps are composed of mercury, nitro-glycerine and glass; that they contained very little nitro-glycerine; that they are not dangerous; that the caps exploded and caused quite a noise; that no powder of any kind can be exploded in the pistol, and that the pistol is not a blank cartridge pistol or one in which blank cartridges can be exploded.

The record discloses no formal judgment of the City Court,

and the only evidence from which it might be inferred that a judgment had been rendered may be found in the following statement and recitation. "By the Court: Decision reserved. Penalty of 6c imposed upon defendant John R. Foot." (This appears at the close of the evidence.)

"On said adjourned day the court found the defendant guilty of violating ordinance 73 of the city of Rome, New York, and thereupon imposed a penalty of six (6c) cents." (This appears in the return.)

From the foregoing the judgment has been assumed to exist by the defendant in serving his notice of appeal and by the County Court in reversing the alleged judgment.

The County Court reversed the judgment on the ground that the plaintiff had mistaken its remedy, and that the remedy for a violation of the ordinance was confined to a civil action to recover the penalty upon the alleged authority of *People ex rel. Kane* v. *Sloane* (98 App. Div. 450) decided by this court.

We think the County Court was in error in determining that the action was a criminal action, and not a civil action, and that the City Court was in error in attempting to impose a fine as though the action were a criminal action, whereas in fact it was a civil action.

1. We have already called attention to the provisions of the ordinance and to the substance of the evidence sufficiently to show that the toy pistol was not such as the defendant was forbidden to sell.

2. We are inclined to the view that the charter of the city of Rome empowered its common council to adopt the ordinance, and that the same was not an unreasonable exercise of the police power.

3. We now pass to a consideration of the remedies provided by the charter for the violation of the ordinance, and this subject involves a history of the legislation which found its final expression in the charter.

The village of Rome was incorporated by chapter 77 of the Laws of 1819; and section 4 of the act of incorporation provided for the collection of fines, penalties and forfeitures *in an action of debt.*

As early as 1830, under article 2 of title 4 of chapter 2 of

part 3 of the Revised Statutes, process in suits in Justices' Courts might be a summons, a warrant, or an attachment. Section 13 provided for a summons, section 17 provided for a warrant and section 18 for either a summons or a warrant at the option of the justice.

The charter of the village of Rome was altered by chapter 127 of the Laws of 1835. Section 8 of that act provided for an action of debt for a penalty, the first process in which should be a warrant or a summons.

The charter was revised and amended by chapter 112 of the Laws of 1853, section 57 of which provided for a civil action to recover a fine, penalty or forfeiture for the violation of an ordinance, which might be commenced by a summons or warrant.

The city of Rome was incorporated by chapter 25 of the Laws of 1870. Among the officers which were to serve under the charter there were one recorder and four justices of the peace. (Tit. 2, § 1, as amd. by Laws of 1871, chap. 49; Laws of 1875, chap. 576, and Laws of 1881, chap. 384; Id. §§ 11, 12.) The common council was authorized to make ordinances. (Tit. 3, § 8, subd. 32.) The common council was empowered to enforce observance of ordinances by ordaining penalties to be incurred for violations thereof, to be recovered, with costs, in civil actions brought in the name of the city in any courts having cognizance thereof. (Tit. 3, §§ 9, 10.) No other manner of enforcing such penalties was provided in that charter.

The recorder was given sole and exclusive jurisdiction in the city of criminal matters. He had no jurisdiction in civil actions. (Tit. 7, § 1, as amd. by Laws of 1872, chap. 352.) By chapters 473 and 494 of the Laws of 1874 (amdg. tit. 7, § 1, *supra*) it was provided that it should be the duty of a police officer or constable of the city to apprehend any person violating an ordinance of the city and bring him before the recorder, and the recorder was given power summarily to examine into the matter, and if he found the person guilty of such violation, to adjudge him to pay a fine besides costs, and to commit such person to the jail in the city until such fine and costs were paid, not to exceed thirty days in any case. These amendments seem to have introduced into the charter a provision for

a summary criminal proceeding before the recorder for the trial, conviction and punishment by fine and imprisonment of a person who had violated any ordinance of the city. Under this provision the jurisdiction of the recorder began when a police officer or constable of the city who, having apprehended a person who had violated any ordinance of the city, brought such person before the recorder. Under the charter and the other laws of the State this was the only provision for a criminal action against a person violating an ordinance of the city until the adoption of the revised charter presently to be referred to.

The provisions of the Revised Statutes for civil actions in Justices' Courts to be commenced by a summons or warrant remained unchanged, except as they were modified by chapter 300 of the Laws of 1831, known as the act to abolish imprisonment for debt, till their repeal by chapter 245 of the Laws of 1880 after the adoption of the Code of Civil Procedure by chapter 178 of the Laws of 1880. In that part of the Code of Civil Procedure governing the practice in Justices' Courts a summons with an order of arrest was substituted for the former warrant in a civil action. (See Code Civ. Proc. §§ 2876, 2894 *et seq.*)

It should be noted in this connection that prior to the act abolishing imprisonment for debt a warrant in a civil action could have been issued where there existed no alleged tort nor any ground for arrest outside of the cause of action. After the adoption of the act for the abolishment of imprisonment for debt a civil action to recover damages for a tort could still be instituted by a warrant, called sometimes a civil warrant. In this connection we should keep in mind the difference between a tort or wrong which violates a private right and one which violates a public right, in other words, between a tort, so called, and a crime; and that there may be a prosecution for the crime, that is, a criminal action, and the maintenance of a civil action for damages arising from the tort.

We now come to a consideration of the present charter of the city of Rome, known as the revised charter, being chapter 650 of the Laws of 1904.

Section 209 of this act provides for a City Court with civil and criminal jurisdiction. It will be remembered that under

the former charter the recorder exercised only criminal jurisdiction.

The procedure of the City Court in civil actions is set forth in sections 209 to 236, inclusive. (See, also, Laws of 1905, chap. 468.)

The jurisdiction of such court in criminal actions is set forth in sections 236 to 249, inclusive. Sections 236 and 240 were amended by chapter 651 of the Laws of 1906.

Sections 251 to 265, inclusive, seem to be peculiar, and to provide for the collection of penalties in civil actions in a manner similar to the practice in actions to recover damages for torts in Justices' Courts before the adoption of the Code of Civil Procedure. Although such actions are civil in form and name in our State, they are scientifically classified as criminal in nature. (*State of Iowa* v. *Chicago, B. & Q. R. Co.*, 37 Fed. Rep. 497.) Such actions may be begun by summons or warrant (§§ 252, 253), or in case a person should be found in the act of violating an ordinance he might be arrested and brought before the city judge, retained till the complaint could be prepared and the warrant issued and returned. (§ 257.) This latter provision may have been taken from section 1 of title 7 of the former charter, as amended by chapters 473 and 494 of the Laws of 1874, but is clearly transformed and made a part of the proceedings in a civil action instead of a criminal action, as it was in the former charter.

We are now brought to the question whether this action we are reviewing is a criminal or a civil action. The form of the complaint is substantially that prescribed by section 251 of the charter for use in actions to recover penalties. The plaintiff is the city of Rome as prescribed in that section. The demand for judgment is that prescribed by that section. The warrant is that prescribed by section 252 in a civil action, that is, a civil warrant. The complaint so framed and so conforming to the charter is not a complaint in a criminal action as defined by the Code of Criminal Procedure. (§§ 5, 6.) It will be noted that such a warrant is called a civil warrant in sections 255 and 258 of the charter. We think the action is a civil action under the provisions of the charter for the recovery of a fine or penalty.

We also think that section 236 of the charter, as amended, clothed the city judge with jurisdiction to try the action without a jury and to determine the amount of the penalty. The fact that the record reports the city judge to have imposed a penalty of six cents upon the defendant shows a probable mistake in form, but that circumstance is not important in view of our disposition of the case.

As an ordinance adopted pursuant to sufficient legislative authority is a statute, and its violation is a tort, and may be made a crime, we are of the opinion that section 236 of the charter of the city of Rome, as amended by chapter 651 of the Laws of 1906, provides that a violation of any ordinance of the city may be redressed in a criminal action.

To recapitulate: We think the action under review was a civil action, and the judgment of reversal must stand because the evidence failed to establish a violation of the ordinance.

We are also of the opinion that three remedies are provided by the charter for a violation of an ordinance: (1) A criminal action; (2) a civil action begun by a summons, and (3) a civil action begun by a warrant.

It follows from the foregoing that the judgment of the County Court must be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.