## Commonwealth *v.* Paul, Appellant.

290

Argued October 1, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Garfield W. Levy,* for appellant.

*Samuel Dash,* Assistant District Attorney, with him *Christopher F. Edley,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., January 14, 1955:

Julius J. Paul, was indicted under Section 601 of the Act of June 24, 1939, P. L. 872, 18 PS sec. 4601, on a charge of being concerned in the "managing, conducting and carrying on" of a lottery . . . Paul was brought to trial before a judge sitting without a jury, was convicted and sentenced and thereafter took this appeal from the refusal of a new trial.

In support of his motion for a new trial the defendant advanced the usual reasons that the verdict was against the law and the weight of the evidence. His present position is that "having been convicted under a statute which fails to meet the requirements of Due Process," he is entitled to have his "conviction reversed." It is settled law that matters not raised in, or considered by, the court below cannot be invoked on appeal: *Commonwealth v. Neuman,* 151 Pa. Superior Ct. 642, 30 A. 2d 698; *Commonwealth v. Schuster,* 158 Pa. Superior Ct. 164, 44 A. 2d 303; *Commonwealth v. DiCarlo,* 174 Pa. Superior Ct. 611, 101 A. 2d 410. This rule applies even when, as here, the question belatedly raised is a constitutional one. *Montgomery*

*County Bar Association v. Rinalducci,* 329 Pa. 296, 197 A. 924; *Muse-Art Corp. v. Philadelphia,* 373 Pa. 329, 95 A. 2d 542; *Commonwealth v. Klick,* 164 Pa. Superior Ct. 449, 65 A. 2d 440.

We could, of course, dispose of this appeal by invoking the rule above stated. We prefer, however, to consider the question raised by the defendant as if it had been properly raised in the court below.

Section 601 of The Penal Code of 1939, supra, provides that any person who "erects, sets up, opens, makes or draws any lottery, *or is in any way concerned in the managing, conducting or carrying on the same,* is guilty of a misdemeanor" (italics supplied). The defendant contends that "the language 'concerned in' is so broad that it fails to properly define any crime, and that appellant's conviction under it is, consequently, a violation of Due Process of law which is protected by XIVth Amendment to the United States Constitution" and in support of this contention calls our attention to the several definitions of the verb "concern" and suggests that the legislature may have intended to impose punitive sanctions upon persons who have some "sympathy" or "solicitude" for the "existence" and "success" of a lottery. In such case, the defendant argues, a druggist who enjoys more business because of nearby "actively operated numbers business" and the wife of a numbers operator "who received greater comfort and luxury" because of her husband's activities would be guilty of a misdemeanor.

The full answer to the defendant's argument is that it completely ignores settled rules of statutory construction. Penal statutes must be strictly construed but construed with common sense. It must be presumed that the legislature did not intend a result that is absurd, impossible of execution or unreasonable. *Commonwealth v. Gill,* 166 Pa. Superior Ct.

223, 229, 70 A. 2d 700. *Duddy v. Conshohocken Ptg. Co.,* 163 Pa. Superior Ct. 150, 60 A. 2d 394.

Furthermore, the defendant must confine his complaint to the statute as it applies to him. He cannot become the self-appointed champion of the supposed rights of others. "In all criminal prosecutions accused, to entitle him to raise the question of the constitutionality of a statute or ordinance, must show that his rights are adversely affected by it; and, more particularly, that his rights are thus affected by the particular feature of the statute alleged to be in conflict with the constitution. It is not sufficient that the statute may impair the rights of others." 16 C.J.S. sec. 84, pages 176-177. In the case at bar, the "particular feature of the statute alleged to be in conflict with the constitution" is, according to defendant, a "lack of definiteness". If the defendant is to be harmed by the statute, and thus have standing to attack it on constitutional grounds, it must appear that, but for the failure of the statute to clearly define a standard of conduct, his acts would not have come within its purview. It avails the defendant nothing to suggest that a distorted construction of the statutory language might impair the rights of others. We will decide the cases of the druggist and the numbers writer's wife in the unlikely event that they arise.

"In 12 Am. Jur., Constitutional Law, §585, the universally accepted rule is thus stated: 'It is a general principle of statutory law that a statute must be definite to be valid. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. On the other hand, where the words assailed, taken in connection with the context, are commonly understood, their use

does not render a statute invalid.' " *Commonwealth v. Klick,* 164 Pa. Superior Ct. 449, 453, supra.

No person "of common intelligence must necessarily guess" that a numbers writer is "concerned in the management, conducting or carrying on" a lottery.

The defendant by the use of definitions of or synonyms for "concern" which produce absurd results has attempted to establish that the language employed in section 601 is vague and indefinite. Very few words the legislature could have chosen would not lend themselves to this approach. It is crystal clear, however, that the legislature used "concerned in" to mean "being substantially engaged in or taking part in" (Black's Law Dictionary, Third Edition) and so any person of common intelligence would have understood it.

Judgment of sentence is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.