Georgene SANCHEZ, Rocco Bomareto, Jr., R & D Enterprises, Inc., and David A. Oletski, Plaintiffs-Appellees,

v.

STATE of Colorado and Natalie Meyer, as Secretary of State, Defendants-Appellants.

No. 83CA0747.

Colorado Court of Appeals, Div. II.

Sept. 13, 1984.

Rehearings Denied Nov. 8, 1984.

Certiorari Granted March 18, 1985.

Eugene Deikman, Lionel D. Hopson, Denver, for plaintiff-appellee Georgene Sanchez.

C.J. Berardini, P.C., Brian J. Berardini, Denver, for plaintiff-appellee Rocco Bomareto, Jr.

George T. Ashen, P.C., James E. Freemyer, Denver, for plaintiff-appellee R & D Enterprises, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maurice G. Knaizer, Asst. Atty. Gen., Denver, for defendants-appellants.

VAN CISE, Judge.

This is a consolidated action for judicial review pursuant to § 24–4–106, C.R.S. (1982 Repl.Vol. 10). It is brought to review the defendant secretary of state's action, as the licensing authority, in revoking the four plaintiffs' wholesale and manufacturer's fireworks licenses. The district court concluded that the revocations were not authorized under either § 12–28–109, C.R.S. (1978 Repl.Vol. 5) or § 24–4–104, C.R.S. (1982 Repl.Vol. 10) and vacated all four revocations. Defendants appeal, and we reverse.

Except as otherwise provided in §§ 12–28–103, 12–28–105, and 12–28–106, C.R.S. (1978 Repl.Vol. 5), it is unlawful for any person to sell fireworks in Colorado. Section 12–28–102, C.R.S. (1978 Repl.Vol. 5). Plaintiffs' licenses were limited to selling fireworks at wholesale, and only then if shipped directly out of state in accordance with the regulations of the Interstate Commerce Commission.

In 1980, the secretary of state issued and sent to each plaintiff a "complaint and notice of hearing," charging that, on one or more specified days, each plaintiff had violated the fireworks law by selling fireworks at retail and, by doing so knowingly, had violated the terms of his license and had sworn falsely in his application for license renewal. Each plaintiff was timely notified of the time and place where a hearing would be conducted on the complaint according to the pertinent provisions of § 24–4–105, C.R.S.1973, with evidence to be taken to determine whether his license should be revoked.

At the conclusion of each hearing, the hearing officer found that each plaintiff had in fact sold fireworks at retail on the

date charged and, as to three of the plaintiffs, on other occasions as well. Each license was then ordered revoked for one year.

Each plaintiff sought judicial review of the secretary's action pursuant to § 24–4–106, C.R.S. (1982 Repl.Vol. 10). The district court reversed, and this appeal followed.

I.

Section 12–28–109, C.R.S. (1978 Repl.Vol. 5) specifies that any person who violates any provision of the fireworks law is guilty of a misdemeanor and, upon conviction, a licensed person shall have his license revoked and shall be punished by a fine or imprisonment or both. No criminal proceedings were initiated against any of the plaintiffs.

Instead, revocation was sought under the section of the State Administrative Procedure Act pertaining to licenses, § 24–4–104, C.R.S. (1982 Repl.Vol. 10). Section 24–4–104(3) states, in pertinent part:

"No revocation ... of a license by any agency shall be lawful unless, before institution of agency proceedings therefor, the agency has given the licensee notice in writing of facts or conduct that may warrant such action, afforded the licensee opportunity to submit written data, views, and arguments with respect to such facts or conduct, and, *except in cases of deliberate and willful violation, given the licensee a reasonable opportunity to comply with all lawful requirements.*" (emphasis added)

The district court determined that the secretary of state, in her "findings of fact, conclusions, decisions, and orders" as to each plaintiff, had failed to make specific findings that such plaintiff's acts were "deliberate and willful." It also held that she had not given plaintiffs "a reasonable opportunity to comply with all lawful requirements."

The defendants contend the district court erred in basing its reversal of the revocations on those procedural rulings. We agree, and hold that the secretary of state

did comply with the procedural requirements for license revocations.

■ Admittedly, she did not make specific findings of any "deliberate and willful violation." But, there was no need for such findings. In the present cases no summary suspensions were sought, *see* § 24–4–104(4), C.R.S., and, in fact, it was made clear that the licenses remained in effect pending the agency hearing.

■ In these cases, each plaintiff was given timely notice of the charges and an opportunity to be heard, and a full hearing was held at the administrative level. Therefore, each was afforded due process, as called for in § 24–4–104(3). *Dixon v. State Board of Optometric Examiners,* 39 Colo.App. 200, 565 P.2d 960 (1977). Also, the time between the giving of notice and the date of hearing provided the plaintiffs with ample "opportunity to comply with all lawful requirements" if they were able so to do.

II.

■ In the interest of judicial economy, rather than remanding for the district court to rule on the other grounds urged by plaintiffs for reversal of the secretary of state's actions, we have reviewed the record and have determined that these other grounds are without merit. In each instance, the evidence was adequate to support the charges, the findings, and the decision. Also, the sections of the fireworks statute pertinent to these cases are not vague or overly broad and are not unconstitutional as written or as applied to these plaintiffs. *See People v. Young,* 139 Colo. 357, 339 P.2d 672 (1959).

The judgments are reversed, and the causes are remanded to the district court with directions to enter new judgments affirming the license revocations.

SMITH and BERMAN, JJ., concur.