Georgene SANCHEZ, Rocco Bomareto, Jr., and R & D Enterprises, Inc., Petitioners,

v.

STATE of Colorado and Natalie Meyer, as Secretary of State, Respondents.

No. 84SC449.

Supreme Court of Colorado, En Banc.

Dec. 22, 1986.

Rehearing Denied Jan. 20, 1987.

Eugene Deikman, P.C., Craig Murdock, Denver, for petitioner Sanchez.

C.J. Berardini, P.C., Brian J. Berardini, Denver, for petitioner Bomareto.

George T. Ashen and James E. Freemyer, Denver, for petitioner R & D Enterprises, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Maurice G. Knaizer, Asst. Atty. Gen., Denver, for respondents.

Sheila H. Meer, P.C., Sheila H. Meer, Denver, for amicus curiae Smith-Harst & Associates, Inc.

KIRSHBAUM, Justice.

In *Sanchez v. State,* 697 P.2d 400 (Colo. App.1984), the Court of Appeals concluded that the trial court erroneously reversed an order of the Colorado Secretary of State (the Secretary) revoking licenses for sale of fireworks previously granted to petitioners Georgene Sanchez, Rocco Bomareto and R & D Enterprises, Inc.[1] Having granted certiorari to review the judgment of the Court of Appeals, we affirm insofar as it reverses the district court's judgment, but do so on grounds different from those expressed by the Court of Appeals.

On separate occasions in 1979 and 1980, investigators from the Secretary's office visited the petitioners' business sites and purchased fireworks.[2] Subsequently, each petitioner was served with a complaint and notice of hearing issued by the Secretary alleging violations of the terms of the previously issued license to sell fireworks. The complaints basically stated that each petitioner, without shipping the fireworks out of Colorado, had sold fireworks to individuals who were not entitled to use said fireworks in Colorado; that such conduct was prohibited by statute, by express terms of the license, and by provisions of the license application form; and that the petitioner must appear at an administrative hearing for a determination of whether the license should be revoked. In 1980 and early 1981, separate evidentiary hearings were conducted pursuant to section 24-4-105, 10 C.R.S. (1982), to determine whether the particular license should be revoked pursuant to the provisions of sections 12-28-102, 12-28-105(1)(c), and 12-28-109, 5 C.R.S. (1978).[3] In each case, the hearing

---

1. The revocation of Sanchez' license occurred in the context of her June 10, 1980, application for renewal of a previous license. That application was initially denied on the basis of the violations here at issue and also on the basis that the application form was incomplete. On June 20, 1980, the Secretary filed a complaint against Sanchez alleging violations of the terms of her license and ordered that her license remain in effect until resolution of the issues framed by the complaint. Bomareto and R & D Enterprises, Inc. initially received licenses in June of 1980. Complaints seeking revocation of those licenses were issued in August of 1980. A fourth fireworks licensee participated in the proceedings through the Court of Appeals' decision and, upon the filing of the petition for certiorari herein, withdrew from participation in further appellate proceedings.

2. Sanchez' sale to the Secretary's investigators occurred on July 3, 1979, whereas sales by Bomareto and R & D Enterprises both occurred on July 1, 1980.

3. At the time of the hearings herein, section 12-28-109 provided as follows:

     Any person who violates any provision of this article is guilty of a misdemeanor and, upon conviction thereof, shall be punished by revocation of the license or permit, if a license or permit has been issued to such person, and by a fine of not more than three hundred dollars, or by imprisonment in the county jail for not more than ninety days, or by both such fine and imprisonment. Each day of sale prohibited under this article shall be deemed a separate offense. Penalties under this section may be imposed consecutively. The local authorities in behalf of the secretary of state shall seize, take, remove, or cause to be removed, at the expense of the owner, all stocks of fireworks or combustibles offered or exposed for sale, stored, or held in violation of this article.

This section has since been amended, though not in such manner as to affect this case. Act of Mar. 12, 1984, ch. 87, § 2, 1984 Colo.Sess.Laws 417.

Section 12-28-102 prohibits certain sales of fireworks—including the sales which led to the hearings in this case—except as authorized by other sections of Title 12, Article 28. Section 12-28-105(1)(c), however, limits the effect of § 12-28-102, as follows:

**Interpretation.** (1) This article shall not be construed to prohibit:

....

(c) Any resident manufacturer from manufacturing and selling, or any resident wholesaler, dealer, or jobber from selling at wholesale, such fireworks as are not prohibited under this article, the sale of any kind of fireworks provided the same are to be shipped directly out of state in accordance with regulations of the United States interstate commerce commission covering the transportation of explosives and other dangerous articles by motor, rail, and water, the use of fireworks by railroads or other transportation agencies for signal purposes or illumination, the sale or use of blank cartridges for a show or theater, signal or ceremonial purposes in athletics or sports, or use by military organizations, or the use of fireworks for agricultural purposes under conditions approved by the local authority....

Sections 12-28-102 and 105(1)(c) have not been amended since the time the hearings were conducted in this case.

officer found that the licensee had violated the terms of the license by making retail sales of fireworks to unauthorized individuals without shipping such fireworks out of state and revoked the license for one year.

The petitioners filed separate complaints for judicial review in the district court pursuant to section 24-4-106, 10 C.R.S. (1982).[4] Sanchez and R & D Enterprises argued in their petitions for review that section 12-28-105 is unconstitutionally vague. Bomareto, in his petition for review, argued that the state had exceeded its jurisdiction in revoking his license because he had not first been convicted of a misdemeanor as required by section 12-28-109.

The cases were consolidated for review, and oral argument commenced before the district court on March 14, 1983. During the oral argument Sanchez argued, for the first time, that the state had failed to comply with requirements of section 24-4-104(3), 10 C.R.S. (1982), by not affording her an initial opportunity to comply with the terms of section 12-28-105. Although the other petitioners did not address this issue in the course of their arguments, all of the petitioners adopted at the outset of the hearing all arguments made by any of the petitioners. The Secretary argued that the failure to raise this issue earlier precluded its consideration and, alternatively, that section 24-4-104(3) did not require an agency to grant a licensee an opportunity to comply when the licensee's violations were deliberate and willful.

The district court reversed the Secretary's orders of revocation on the ground that, in the absence of an express finding that the licensees' conduct was willful and deliberate, the Secretary was required by section 24-4-104(3) to give the licensees reasonable opportunities to comply with section 12-28-105. The district court also held that this conclusion rendered determination of any other issues unnecessary. In reversing the district court's judgment, the Court of Appeals concluded that the Secretary had complied with the requirements of section 24-4-104(3) and that section 12-28-105 was not unconstitutionally vague.

## I

### A

The petitioners first argue that the Court of Appeals erred in determining that the Secretary complied with the requirements of section 24-4-104(3) in revoking petitioners' licenses. The Secretary contends that the petitioners waived their right to argue this issue by failing to raise it prior to oral argument before the district court. We conclude that the issue was properly preserved for review. We further conclude that the Court of Appeals properly reversed the district court's judgment, but erred in failing to order a remand to the Secretary for the purpose of making requisite findings.

The petitioners did not expressly raise the issue of the Secretary's compliance with the terms of section 24-4-104(3) until oral argument before the district court. The district court determined that the issue had been implicitly raised in Bomareto's administrative hearing by his response to the petition, wherein he asserted that the Secretary's authority to revoke a fireworks license is limited by the terms of section 12-28-109, 5 C.R.S. (1982), which statute authorizes revocation of a fireworks license upon the licensee's conviction of a misdemeanor offense.[5] However, the argument that one statute—section 12-28-109—establishes the exclusive means by which the Secretary may revoke fireworks licenses does not suggest that a question of the

---

4. Bomareto initially sought extraordinary relief pursuant to C.R.C.P. 106(a)(4). After the Secretary filed a motion to dismiss, Bomareto amended his complaint to seek relief pursuant to § 24-4-106.

5. Although the other two petitioners did not raise this issue during their agency hearings, they indicated to the district court that they were adopting all arguments presented by each other and by Bomareto.

*See supra* note 3 for the provisions of § 12-28-109. The trial court's determination that § 12-28-109 is not the exclusive means by which the Secretary may revoke a license was not appealed.

Secretary's compliance with another statute—section 24–4–104(3)—is simultaneously being asserted. Furthermore, the particular issue of noncompliance with section 24–4–104(3) found by the district court to be dispositive—the Secretary's failure to make an express finding of deliberate and willful conduct—could not have been asserted until after the challenged order was entered.

■ On appeal, the petitioners have not asserted that this issue of the Secretary's compliance with section 24–4–104(3) was implicitly raised at any administrative hearing. They instead contend that the question of the effect of the Secretary's failure to make what they perceive to be a necessary finding under the statute is a jurisdictional matter and, therefore, is appropriate for consideration at any point in the proceedings. Issues affecting subject matter jurisdiction may be raised at any time. *Pueblo West Metropolitan District v. Southeastern Colorado Water Conservancy District,* 717 P.2d 955 (Colo.1986); *see* C.R.C.P. 12(h)(3). Whether the absence of a finding by the Secretary concerning the nature of the petitioners' conduct may be characterized as a "jurisdictional" issue requires examination of the relevant legislative scheme.

Section 12–28–106, 5 C.R.S. (1978), authorizes the Secretary to issue licenses for the sale of fireworks. It is undisputed that licensing and revocation procedural provisions of the State Administrative Procedure Act, found in section 24–4–104, govern the exercise of this authority. Sections 24–4–104(1) and (3) provide:

> (1) In any case in which application is made for a license required by law, the agency, with due regard for the rights and privileges of all interested persons, shall set and conduct the proceedings in accordance with this article unless otherwise required by law.
>
> . . . .
>
> (3) No revocation, suspension, annulment, limitation, or modification of a license by any agency shall be lawful unless, before institution of agency pro-

ceedings therefor, the agency has given the licensee notice in writing of facts or conduct that may warrant such action, afforded the licensee opportunity to submit written data, views, and arguments with respect to such facts or conduct, and, except in cases of deliberate and willful violation, given the licensee a reasonable opportunity to comply with all lawful requirements.

These provisions confirm the Secretary's general authority to issue and revoke fireworks licenses.

■ Any administrative agency which is subject to the terms of section 24–4–104 has qualified, not absolute, authority to revoke a license. In most circumstances, there is no such authority unless the licensee has first been given a reasonable opportunity to correct conduct that would warrant the sanction of revocation. However, in circumstances wherein the violation is determined to have been deliberate and willful, the General Assembly has in effect declared that the administrative authority may revoke a license without affording the licensee a reasonable chance to comply with the applicable requirements. This distinction no doubt reflects legislative consideration of the fact that many deliberate and willful acts that violate legislative or regulatory requirements are isolated, unique and not replicable and, therefore, cannot subsequently be conformed to an acceptable behavioral norm. These provisions are not mere procedural safeguards. They define the revoking authority of the administrative agency. As such, they may be deemed "jurisdictional," and the question of their applicability may be raised at any time.

### B

In *Sanchez*, the Court of Appeals stated as follows:

> [T]he time between the giving of notice and the date of hearing provided the plaintiffs with ample "opportunity to

comply with all lawful requirements" if they were able so to do.

*Sanchez,* 697 P.2d at 402.

■ The record does not support this conclusion. The only factual issue discussed during the administrative proceedings was whether the petitioners' conduct in making sales to undercover investigators for the Secretary violated the terms of section 12–28–105. The only dispute concerned the correct interpretation of section 12–28–105, not whether the petitioners engaged in the conduct alleged by the Secretary's witnesses. At no point did any party elicit evidence concerning any conduct of the petitioners after the sales that gave rise to the filing of the complaints. The petitioners were served with notices that their licenses were subject to revocation because of the sales to the Secretary's investigators. There was no suggestion during any of the administrative hearings that the Secretary ever afforded the petitioners an opportunity to refuse to make unauthorized sales. Assuming that the requirement that a licensee be afforded an opportunity to modify conduct before losing the license is applicable to the kind of conduct exhibited by the petitioners, the record does not support the conclusion that the Secretary afforded these petitioners any such opportunity.

As we have noted, in these circumstances the petitioners' licenses could not be revoked unless their conduct was deliberate and willful. Section 24–4–104(3), while establishing this precondition to certain license revocations, does not by its terms require an express finding that the licensee's conduct was deliberate and willful.

In section 24–4–104(4), the General Assembly recognized the importance of agency determination of deliberate and willful conduct by authorizing "summary" revocation of licenses in some circumstances. That statute states as follows:

Where the agency has reasonable grounds to believe and finds that the licensee has been guilty of deliberate and willful violation or that the public health, safety, or welfare imperatively requires emergency action and incorporates such findings in its order, it may summarily suspend the license pending proceedings for suspension or revocation which shall be promptly instituted and determined.

§ 24–4–104(4), 10 C.R.S. (1982). The legislative prohibition against summary revocation of a license in the absence of an initial express finding of deliberate and willful conduct is necessary because the licensee suffers the immediate loss of livelihood without the due process protections of prior notice and formal hearing required by section 24–4–104(3). Although section 24–4–104(3) does not by its terms require any express finding of "deliberate and willful" conduct as a prerequisite to a decision to revoke a license, such determination is equally critical to the licensee's ability to benefit from the license previously granted. The Court of Appeals erred in concluding that no such finding is required in this type of revocation proceeding.

The evidence presented at the petitioners' administrative hearings established that the petitioners sold fireworks to individuals, not retailers, and that such sales were made based on mere statements by the individuals that they would take the fireworks out of Colorado.[6] The application form filled out by each petitioner provided as follows:

Resident manufacturer's and wholesaler's fireworks licenses will permit only such sales as provided by Colorado Revised Statutes, 1973, as amended, Article 28, Fireworks.... The wholesaler must retain a copy of each sales slip. The wholesaler must package and ship such fireworks out of state by one of the means listed in C.R.S. 1973, 12–28–105(c). The wholesaler shall retain a copy of the shipping document and receipt for such

---

**6.** While purchasing fireworks from Sanchez' business, the investigator from the Secretary's office stated that he was not taking the fireworks to Wyoming; rather, he intended to take them to his home in Aurora, Colorado. Sanchez' employee merely told him to put Wyoming as his destination.

shipments. Wholesalers may *not* deliver fireworks directly in state to purchasers upon a statement that the purchaser will ship such fireworks out of state.

(emphasis in original). The license issued to each petitioner contained the following language:

> [T]he above applicant, being a resident wholesaler, dealer, or jobber [is permitted] to sell at wholesale any kind of fireworks provided the same are to be *shipped directly out of state* in accordance with regulations of the United States Interstate Commerce Commission covering the transportation of explosives and other dangerous articles by motor, rail, and water....

(emphasis added). Section 12–28–105(1)(c) permits licensees to sell at wholesale fireworks not otherwise prohibited, "provided the same are to be shipped directly out of state...."[7]

The revocation petition filed in each case alleged that the petitioner's conduct was intentional. In light of the provisions contained in the statute, in the license application form and in the license stating that the petitioners were licensed only to sell fireworks that were to be shipped out of state, the petitioners' conduct in selling fireworks to the Secretary's investigators may well have constituted deliberate and willful violations of section 12–28–105(1)(c). However, the agency officer who heard the testimony of the investigators and of the petitioners concerning the transactions giving rise to the revocation proceedings is in the best position to make the credibility assessments inherent in any resolution of this issue. *See Mellow Yellow Taxi Co. v. Public Utilities Commission,* 644 P.2d 18 (Colo.1982). Accordingly, we conclude that the case should be remanded to the district court with directions to remand the orders in question to the Secretary for determination of this critical issue.

## II

■ We also granted certiorari to consider whether the Court of Appeals properly determined that section 12–28–105 was not unconstitutionally vague. Although each petitioner raised this issue before the district court, that court did not rule on the issue because of its determination that the Secretary failed to comply with section 24–4–104(3). On appeal to the Court of Appeals, none of the parties raised the issue of whether section 12–28–105 was constitutional, nor was that issue argued in the briefs to the Court of Appeals. The Court of Appeals erred in ruling on an issue not properly before it. Furthermore, we note the probable lack of jurisdiction to address the question of facial validity of a statute. *See* § 13–4–102(1)(b), 6 C.R.S. (1973).

We affirm the judgment of the Court of Appeals insofar as it reverses the judgment of the district court, but remand the case to the district court with directions to remand the orders involved to the Secretary with directions to determine whether the conduct of the petitioners constituted willful and deliberate violations of statutory or administrative restrictions.