400 P.2d 914 (1965)
COLORADO STATE BOARD OF MEDICAL EXAMINERS, comprising the following: Samuel Brown, M. D., C. C. Thorp, D. O., J. B. Farley, M. D., M. M. Alexander, M. D., Sidney Anderson, M. D., Keith F. Kausnick, M. D., Piero Albi, M. D., C. R. Starks, D. O., A. G. Taylor, M. D., Plaintiffs in Error,
v.
Lawson F. PALMER, C. O., Defendant in Error.
No. 20525.
Supreme Court of Colorado. En Banc.
April 12, 1965.
Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Aurel M. Kelly, Sp. Asst. Atty. Gen., Denver, for plaintiffs in error.
John J. Gibbons, Denver, for defendant in error.
*915 DAY, Justice.
We will refer to the plaintiffs in error as the board and to the defendant in error as Palmer.
Believing that the matter of Palmer's fitness to continue in the practice of medicine should be inquired into by hearing, the board, on March 1, 1962, filed specifications of charges and sent by registered mail a notice advising Palmer that a hearing would be held on March 31, 1962. The letter was sent pursuant to C.R.S. '53, 91-1-18(1) (c), which provides for service by mail and specifies that a hearing may not be held sooner than 30 days from the date of the mailing.
On March 12, 1962, the registered letter was returned to the board "unclaimed." On the 29th of March, 1962, Palmer was served personally with a notice of the hearing, and the date thereofMarch 31was unchanged.
At the appointed hour on the date of the hearing an attorney appeared "specially" before the board and read a statement which in substance was: That the doctor had been served personally in one of the divisions of the district court on the 29th day of March; that the attorney reading the statement was not Palmer's attorney but was acting in behalf of his attorney, who could not appear at the hearing; that Palmer's attorney had sought a continuance from the board's attorney; that objection was being made of record to holding the hearing on the basis of lack of jurisdiction of the person.
After reading the statement the attorney left. Thereupon the board called up the matter of the complaint for hearing and proceeded to call witnesses, enter findings and order Palmer's license revoked.
To review the action of the board, suit was instituted in the district court. There it was contended that the hearing was null and void for lack of jurisdiction over Palmer. The court agreed, made a finding of fact and conclusion of law that the use of registered mail was not in accordance with the statute; that the statute provided for "ordinary" mail and should be strictly construed; that service either by registered mail or personally was not in accordance with the statute. It was ordered that the hearing of March 31 be vacated, set aside and held for naught, and that the license to practice medicine be restored to Palmer.
The board is here by writ of error challenging the judgment of the trial court, contending that the board did have jurisdiction and that the hearing was properly held because no request for continuance was made to the board.
We agree with the judgment of the trial court, but hold that the court erred in the reason given. However, we have said many times that if the court arrives at the correct result it is not reversible error if the reasons given are not compatible with our view. Public Employees' Retirement Association v. Johnson, 153 Colo. 239, 385 P.2d 415.
The statute provides for the mailing of notice, but such a provision is for convenience and is among the least satisfactory methods of providing for notice. Therefore, personal service, with the return thereon showing actual communication of notice to the parties entitled thereto, is much more certain and susceptible of satisfactory proof, and one who receives it by such method cannot be prejudiced. Due process certainly cannot be said to have been violated when that method is used.
When the letter was returned to the board, it had actual knowledge that Palmer had not been notified. Personal service, therefore, was resorted to out of an abundance of caution. When the doctor received the notice, the board did obtain jurisdiction over him. The question then confronting the trial court was not one of jurisdiction, but was whether due process of law had been accorded Palmer when the hearing date was retained at a time only two days after service of the notice. See In re Petrie (1952) 40 Wash.2d 809, 246 P.2d 465.
Palmer claims that there was no service at all. The board claims that service was *916 had by mail and that personal service was surplusage, and, in any event, the statement made by the attorney was a waiver of any defect in the service. These issues do not have to be decided since due process and notice must be differentiated from service or jurisdiction.
When personal service was had upon Palmer there was no provision in C.R.S. '53, 91-5-1 et seq., dealing with state board of medical examiners to guide it as to the number of days thereafter upon which the hearing could be held. The thirty day provision relates only to the mailing. Therefore, resort must be had to the Administrative Code, 1960 Perm.Supp., C.R.S., section 3-16-3 and 4, which provides when specific time for a hearing is not expressly provided elsewhere that notice of the hearing must be timely, and the licensee shall have "opportunity to submit written data, views, and arguments" in order to afford due process. 1960 Perm.Supp., C.R.S., section 91-1-18(3) is a mandatory provision that all persons summoned shall be accorded a full and fair opportunity to be heard.
It was these provisions that were violated by the board even though it had jurisdiction. The board on its own motion, being advised that Palmer had only two days notice, should have set the matter at another time reasonably sufficient to give him all of the opportunities for defense to which he was entitled. For the board to go forward and take evidence in Palmer's absence and to summarily act to revoke his license was an abuse of discretion and a violation of Palmer's rights to a fair and full hearing under procedural due process. In re Petrie, supra, the Supreme Court of Washington commented on a similar situation as follows:
"The time * * * was entirely too short to constitute procedural due process of law. We have decided that the elements of the constitutional guaranty of due process in its procedural aspect are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case; also to have the assistance of counsel, if desired, and a reasonable time for preparation for trial. * * *"
The judgment vacating and nullifying the hearing is affirmed.