565 P.2d 960 (1977)
Donald D. DIXON, O. D., Petitioner-Appellant,
v.
The STATE BOARD OF OPTOMETRIC EXAMINERS of the State of Colorado, James A. Hopkins, O. D., President, Ivan Grupe, O. D., Secretary-Treasurer, C. E. MacLaughlin, O. D., Roger A. Yarwood, O. D., Mr. Leo Armstrong, Officers and members of the Board of Examiners, Respondents-Appellees.
No. 76-423.
Colorado Court of Appeals, Division III.
April 7, 1977.
Rehearing Denied April 21, 1977.
Certiorari Denied June 20, 1977.
*961 Duncan J. Cameron, Denver, for petitioner-appellant.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Solicitor Gen., Mary A. Rashman, Asst. Atty. Gen., Denver, for respondents-appellees.
STERNBERG, Judge.
Petitioner Donald Dixon's license to practice optometry was revoked by the State Board of Optometric Examiners, and that order was upheld by the district court. Dixon appeals, asserting that the proceedings *962 before the Board were procedurally defective, and that the penalty of revocation was too severe under the facts. We disagree and therefore affirm the judgment.
In a complaint filed with the Board, Dixon was accused of violating § 12-40-119(1)(h), C.R.S.1973, which prohibits an optometrist from practicing his profession with any person not licensed to practice optometry. Following notice, a hearing was held at which uncontroverted testimony was presented to the hearing officer that Dixon employed two unlicensed individuals who, for a two-month period, performed optometric functions including examining eyes and prescribing corrective lenses. Dixon appeared at the hearing with counsel, but did not testify. The two unlicensed individuals were subpoenaed but refused to testify on constitutional grounds. The hearing officer concluded that Dixon had deliberately and willfully violated the statute and ordered the revocation of his license. The Board approved the decision and Dixon sought review of that decision in the Denver District Court. That court concluded that Dixon's right to appeal the hearing officer's decision had been curtailed, and therefore remanded the matter to the Board.
On remand, Dixon sought to have the matter sent back to the hearing officer so that he might testify. The Board denied the motion for remand and affirmed the hearing officer's order. Dixon again sought review in the district court which affirmed the decision of the Board, and this appeal followed.
Dixon asserts that the proceedings were fatally defective in several respects.
With regard to his first contention, that the Board failed to comply with notice requirements, we observe that these proceedings are controlled by the State Administrative Procedure Act (A.P.A.), § 24-4-101 et seq., C.R.S.1973. See generally Silverstein & Ruland, Preparation of The Appeal From an Administrative Decision, The Colorado Lawyer, p. 2305 (December 1975). The pertinent portion of the A.P.A. is § 24-4-104(3), C.R.S.1973, which provides:
"No revocation . . . of a license by any agency shall be lawful unless, before institution of agency proceedings therefor, the agency has given the licensee notice in writing of facts or conduct that may warrant such action, afforded the licensee opportunity to submit written data, views, and arguments with respect to such facts or conduct, and, except in cases of deliberate and willful violation, given the licensee a reasonable opportunity to comply with all lawful requirements."
Dixon argues that he was entitled to two notices, one that proceedings against him had been initiated, as well as a separate notice of the hearing itself. We conclude that neither due process considerations nor the statute require double notice.
Dixon was afforded both notice and an opportunity to be heard. The notice of hearing explicitly detailed the charges which had been made against him and apprised him of his right to present evidence in his own behalf. A full hearing was had at the administrative level. Due process requires no more. Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).
The statutory mandates of § 24-4-104(3), C.R.S.1973, also were complied with. The notice of hearing served the dual purpose of informing Dixon of the hearing date and giving him written notice of the facts or conduct warranting the Board's action, as well as telling him of his "opportunity to submit written data, views, and arguments with respect to such facts or conduct." In addition to detailing the specific charges, including the underlying factual basis thereof, the notice also told Dixon that he could appear with or without counsel, present evidence, produce witnesses, crossexamine witnesses, and have subpoenas issued. Thus the prerequisites of the statute were met. Colorado State Board of Medical Examiners v. Palmer, 157 Colo. 40, 400 P.2d 914 (1965).
We also disagree with Dixon's contention that, because he did not receive notice of *963 the time and place of the hearing at which the Board considered the hearing officer's opinion, its action violated the mandates of § 24-4-105(15), C.R.S.1973. That section of the A.P.A. provides:
"For the purpose of review by the agency of the initial decision of the hearing officer upon appeal or upon the agency's own motion, the record shall include all matters constituting the record upon which the decision of the hearing officer was based, the rulings upon the proposed findings and conclusions, the initial decision of the hearing officer, and any exceptions and briefs filed. The agency may permit oral argument." (emphasis supplied)
The statute does not require that notice of the time and place of the agency review be given. Moreover, it expressly makes discretionary with the Board the presentation of oral argument. Similarly there is no constitutional requirement that the Board personally hear Dixon or other witnesses. Mildner v. Gulotta, 405 F.Supp. 182 (E.D.N.Y.1975), aff'd, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976).
While Dixon was present with counsel at the proceedings before the hearing officer, he did not testify. After the first hearing before the district court which resulted in a remand of the case to the Board, Dixon filed a motion that the case be sent back to the hearing officer for the purpose of allowing him to testify. The refusal of the Board so to do is the basis of Dixon's final procedural attack. We conclude that Dixon's decision not to testify at the time of the proceedings before the hearing officer was a tactical one, made with the advice of counsel, and accordingly, simply because that tactic proved unavailing, it was not an abuse of the Board's discretion to refuse to give him a second opportunity.
Finally, because there was no proof that his actions resulted in injury to patients, and because there was no evidence from which it might be inferred that he is incompetent to practice optometry, Dixon asserts that the penalty of revocation of his license is so excessive as to require reversal. We do not agree.
Dixon permitted two unlicensed employees to practice optometry. They examined patient's eyes, filled out examination and diagnosis forms, and prescribed corrective lenses. Dixon furnished blank signed prescription forms to them. These acts are clearly violative of § 12-40-102, C.R.S.1973. The findings of the hearing officer that these acts were willful and deliberate is supported by substantial evidence and must therefore be affirmed. Section 24-4-106(7), C.R.S.1973; Hickman v. Colorado Real Estate Commission, 36 Colo.App. 76, 534 P.2d 1220 (1975).
If the concept of licensing practitioners dealing with public health is to have any vitality and purpose beyond providing a certificate suitable for framing, it is unreasonable to require proof of injury to a patient before approving revocation of a license. Here, putatively unqualified employees were allowed to practice the profession of optometry. Their patients were entitled to rely on the assumption that the individuals were licensed by the state and therefore competent. As stated in Hickam v. Colorado Real Estate Commission, supra:
"Even granting that the penalty imposed was harsh, we are unable to conclude that a . . . license revocation bears no reasonable relation to the conduct . . . in this case, and thus we find no abuse of discretion."
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.