Brian W. MITCHELL, Registered Pharmacist, # 9772, Plaintiff-Appellant,

v.

Gail H. KLAPPER, Executive Director, Department of Regulatory Agencies, D. L. Simmons, Executive Secretary, Colorado State Board of Pharmacy, Lance R. Carmean, Pharmaceutical Inspector, Colorado State Board of Pharmacy, George M. Anderson, President, Colorado State Board of Pharmacy, Colorado State Board of Pharmacy, Thomas P. Deutsch, Vice President, Colorado State Board of Pharmacy, K. Morrison Brown, Lucille J. Crumbaker, Pamela S. Ford, Thomas E. Hitt, and Harold S. Kleiner, members, Colorado State Board of Pharmacy, Defendants-Appellees.

No. 80CA0720.

Colorado Court of Appeals, Div. I.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

Certiorari Denied April 20, 1981.

Cecil A. Hartman, Englewood, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Joyce K. Herr, Asst. Atty. Gen., Denver, for defendants-appellees.

PIERCE, Judge.

Appellant, a pharmacist, was charged for several violations of professional misconduct under § 12–22–124, C.R.S. 1973. The hearing officer for the State Board of Pharmacy determined that appellant had committed the violations and ordered that appellant's license to practice pharmacy be suspended for a period of 30 days, but that the 30-day suspension be waived pending further investigation.

Two weeks later the Board issued its final agency decision which ordered the 30-day suspension without the waiver provision. The changes made by the Board were rendered without notice to appellant or without any further hearings following the hearing officer's initial decision and order. Review was sought in the district court which upheld the action by the Board. We affirm.

Appellant asserts that the procedure specified in the Administrative Procedure Act, §§ 24–4–105(14) and 24–4–105(15)(a), C.R.S. 1973 (1979 Cum.Supp.), was not followed as to the change made by the Board in the hearing officer's decision. However, these sections are applicable only when the

Board is a party to an action. At the point where the revision was made by the Board, it was still acting in its quasi-judicial capacity and was acting within its authority to modify the decision of the hearing officer under § 12–22–114, C.R.S. 1973. Thus, neither the statute nor due process principles require that the Board issue any notice prior to announcing its final decision.

The Board, under the statute, had the power to modify the recommendation of the hearing officer. *See Dixon v. State Board of Optometric Examiners*, 39 Colo.App. 200, 565 P.2d 960 (1977). And, contrary to appellant's suggestion, the changes in the statute since *Dixon* was decided, do not change our interpretation of the comparable statutory scheme.

Appellant also contends that the Board's decision was arbitrary and capricious. Our review of the record shows nothing that would indicate that this appellant did not commit the violations alleged or that the sanctions placed upon him by the Board were not reasonable under the circumstances.

Judgment affirmed.

COYTE and RULAND, JJ., concur.