**Jerry L. RANUM and Boardwalk Properties Exchange, Inc., a Colorado corporation, Plaintiffs-Appellees,**

v.

**COLORADO REAL ESTATE COMMISSION and Michael Gorham, Director, Defendants-Appellants.**

**No. 84CA0979.**

Colorado Court of Appeals, Div. I.

Dec. 12, 1985.

John M. Franks, P.C., John M. Franks, Paul R. Wood, Curt Todd, Denver, for plaintiffs-appellees.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda K. Baker, First Asst. Atty. Gen., Denver, for defendants-appellants.

ENOCH, Chief Judge.

Defendant, Colorado Real Estate Commission (Commission), appeals from a district court order setting aside the Commission's decision to revoke the real estate brokers' licenses of plaintiffs, Jerry L. Ranum (Ranum) and Boardwalk Properties Exchange, Inc. (Boardwalk) and remanding the case to the Commission. We vacate the court's order.

Acting on a filed complaint, a hearing officer conducted a disciplinary hearing on behalf of the Commission to determine whether plaintiffs' licenses should be suspended or revoked. After making detailed findings of fact, the hearing officer recommended revocation.

Plaintiffs filed exceptions to this decision with the Commission. Following an administrative review, the Commission issued an order adopting the findings and conclusions of the hearing officer except for one minor point, and also adopting the recommended penalty of revocation.

Plaintiffs then filed this action in district court for judicial review of the Commission's actions. The court held that because no transcript was made of the deliberations by the Commission, the court could not determine whether plaintiffs were afforded due process in that proceeding. The court therefore set aside the Commission's order and remanded the matter so a record of the deliberations before the Commission could be made.

■ The Commission contends that it is not required to record its proceedings when reviewing a hearing officer's initial decision in disciplinary cases and concludes therefore that the trial court erred in setting aside its order and in remanding this case. We agree.

Neither the provisions of the Administrative Procedure Act, § 24–4–106, et seq., C.R.S. (1982 Repl. Vol. 10), nor the Commission's organic act, § 12–61–101, et seq., C.R.S. (1985 Repl. Vol. 5), require that the Commission record its review of disciplinary proceedings. While, as was done here, the prior proceeding before the hearing officer must be recorded, *See* § 24–4–105(13), C.R.S. (1982 Repl. Vol. 10), there is no similar requirement with respect to proceedings before the Commission. None of the provisions regulating the real estate profession or the Commission require such a record to be made.

■ Nor does the absence of a record violate plaintiffs' due process rights. The essence of procedural due process is fundamental fairness. *Mountain States Telephone & Telegraph Co. v. Department of Labor*, 184 Colo. 334, 520 P.2d 586 (1974). To safeguard adequately the private interests at stake, due process requires adequate notice of opposing claims, a reasonable opportunity to meet those claims, and a fair and impartial decision. *See Sigma Chi Fraternity v. Regents of University of Colorado*, 258 F.Supp. 515 (D.Colo.1966). Here, compliance with these standards is demonstrated by the record and the transcript of the initial hearing. Hence, a verbatim transcript on the Commission's re-

view proceedings is not required or necessary.

Under the Administrative Procedure Act, an initial decision by a hearing officer must "include a statement of findings and conclusions upon all the material issues of fact, law, or discretion presented by the record and the appropriate order, sanction, relief, or denial thereof." Section 24-4-105(14), C.R.S. (1982 Repl.Vol. 10). On review of that decision, the Commission may not set aside findings of fact unless they are "contrary to the weight of the evidence." Section 24-4-105(15)(b), C.R.S. (1982 Repl. Vol. 10). In a subsequent judicial review, in order for a court to remand a case in which final agency action has been taken, it must be determined that the agency acted "contrary to law." Section 24-4-106(7), C.R.S. (1982 Repl. Vol. 10). The same standard applies to review by the appellate court, § 24-4-106(11)(a) and (e), C.R.S. (1982 Repl. Vol. 10).

This statutory scheme complies with the requirements of procedural due process, and the Commission correctly followed its provisions. Therefore, there is no need to require that these procedures be supplemented by compelling the Commission to make a transcript of its deliberations during which it reviews the transcript of evidence, findings, conclusions and recommendations of the hearing officer.

■ The plaintiffs argue that the presence of "conflicts counsel" from the Office of the Attorney General at the proceedings before the Commission violated their due process rights. We disagree.

■ The Office of the Attorney General is required to serve as the Commission's counsel as well as to prosecute charges before a hearing officer and provide representation in support of his or her decisions. To avoid the appearance of impropriety and to maintain the integrity of the administrative process, the office has devised a "Chinese Wall" policy, *i.e.*, the regulatory law sections and the conflicts counsel have been separated within the Attorney General's Office. *See Horwitz v. Colorado State*

*Board of Medical Examiners,* 716 P.2d 131 (Colo.App.1985). We have examined the record and find that plaintiffs have failed to demonstrate any evidence of impropriety. The Commission's actions are entitled to a presumption of validity and constitutionality, *see People v. Lessar,* 629 P.2d 577 (Colo.1981), and plaintiffs did not carry their burden of proving that the presence of conflicts counsel violated due process.

The order setting aside the Commission's decision to revoke the plaintiffs' licenses and remanding to the Commission is vacated, and the cause is remanded to the district court with directions to address plaintiffs' remaining exceptions to the Commission's order.

SMITH and BABCOCK, JJ., concur.