**Gerald Eugene PULS, M.D., Appellant,**

v.

**The PEOPLE of the State of Colorado, ex rel. Duane WOODARD, Attorney General, Appellees.**

No. 84CA0784.

Colorado Court of Appeals, Div. II.

May 1, 1986.

Rehearing Denied May 29, 1986.

Shelley B. Don, David L. Hiller, Denver, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Beverly Fulton, Asst. Atty. Gen., Denver, for appellees.

VAN CISE, Judge.

Gerald Puls seeks review of a final order of the Colorado State Board of Medical Examiners (board) which ordered Puls' medical license revoked pursuant to § 12–36–118, C.R.S. (1978 Repl.Vol. 5). We affirm in part and reverse in part.

Puls has been licensed to practice medicine in Colorado since 1955, and has conducted a family practice in Rangely since 1960. This case arose from events which took place in July 1983, during the final stages of the pregnancy of one of Puls' patients, patient A.

The evidence showed that in December 1982 Puls' hospital privileges at Rangely District Hospital had been revoked, but he was under the impression they were to be restored to him about the time patient A was due to deliver. When patient A showed indications of early labor, Puls asked her to try to convince the hospital board to restore his privileges in time to deliver her baby. He also prescribed a medication to inhibit her labor, presumably to delay delivery for a day, during which time the hospital board was to meet. This was done despite the fact that patient A had been diagnosed as having ruptured membranes, a condition where the danger of infection to mother and fetus increases substantially over time.

Puls' hospital privileges were not reinstated the next day, although emergency privileges were granted for the routine delivery of patient A. However, by this time patient A was no longer a candidate for "routine" delivery, and was referred to a doctor with hospital privileges in Vernal, Utah. She eventually delivered a healthy baby girl.

The complaint filed with the board charged Puls with grossly negligent medical practice or acts or omissions failing to meet generally accepted standards of medical practice. After hearing testimony from the parties and expert witnesses, the hearing officer found that Puls' actions constituted misconduct as defined in § 12–36–117(1)(p), C.R.S. (1978 Repl.Vol. 5), but did not constitute gross negligence.

The hearings panel of the board then reviewed the record, adopted all of the hearing officer's findings of evidentiary fact but reversed the hearing officer's conclusion that Puls' conduct did not amount to manipulation of patient A for Puls' own personal interest rather than for the welfare of the patient. Instead of following the hearing officer's recommended sanction of a two-year suspension, the board revoked Puls' license and prohibited any application for relicensure for two years.

I.

On appeal, Puls contends the issue of whether he manipulated his patient is a question of evidentiary fact, rather than a conclusion of ultimate fact, and cannot be reversed except by a determination by the board that the findings were contrary to the weight of the evidence. He claims the board could not have made that determination when it did not have a transcript be-

fore it, and that, in any event, the record supports the hearing officer's conclusions. We disagree.

■ The initial question is whether the hearing officer's finding that there was no patient manipulation was a finding of evidentiary or ultimate fact. We hold that it was a finding of ultimate fact, and, thus, the hearing officer's determination is not binding on the board. *See* § 24–4–105(15)(b), C.R.S. (1973).

■ Findings of ultimate facts, as distinguished from evidentiary facts, are conclusions of law, or at least mixed questions of law and fact, and settle the rights and liabilities of the parties. *Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo.1982). Findings of evidentiary facts involve the raw, historical data underlying the controversy. *Golden Age Manor v. Industrial Commission,* 716 P.2d 153 (Colo.App.1985).

■ The hearing officer listened to days of testimony regarding the actions taken by Puls, patient A, and the hospital board in Rangely. His findings of evidentiary fact based on that evidence may not be altered by the board if supported by the evidence, but the board is not precluded from drawing a different conclusion therefrom, *i.e.,* whether the patient was manipulated for Puls' own purposes. *See Golden Age Manor v. Industrial Commission, supra.*

■ The hearing officer's findings of evidentiary facts support the board's ultimate finding that Puls manipulated patient A. Being supported, that finding is binding on review. *Lee v. State Board of Dental Examiners, supra; Ricci v. Davis,* 627 P.2d 1111 (Colo.1981).

## II.

■ Puls also contends that the board's order barring him from applying for relicensure for a period of two years is contrary to the Colorado Medical Practice Act, § 12–36–119(1)(a), C.R.S. We agree.

The statute provides:

"The board, on its own motion or upon application, at any time after ... the imposition of any discipline as provided in section 12–36–118 ... may reconsider its prior action and grant, reinstate, or restore such license...."

The clear meaning of this statute is that a doctor whose license has been revoked may have that decision reconsidered at any time by the board upon application. Disallowing in advance any application for relicensure for two years is contrary to the plain meaning of the statute.

Therefore, the parts of the May 4, 1984, order revoking Puls' license for two years and providing for compliance with § 12–36–107(2), C.R.S., in event of an application for relicensure are affirmed. That portion of the order barring application for relicensure by Puls or consideration by the board of such an application until expiration of two years from the effective date of revocation is reversed. The cause is remanded for further proceedings consistent with this opinion.

SMITH and STERNBERG, JJ., concur.