COLORADO STATE BOARD OF NURS-
ING and Allan Reid, Sharon Joseph,
Theresa Neofotist, Donna Tate, Ramo-
na Perez, Alma Smith, Michael Smith,
Marie Milliken, Elizabeth Mitchell
Pade, and Theodore Thompson, individ-
ually and in their official capacities as
members of the Colorado State Board
of Nursing, Petitioners–Appellees,

v.

Colleen CRICKENBERGER,
Respondent–Appellant.

No. 87CA0055.

Colorado Court of Appeals,
Div. IV.

June 30, 1988.

Rehearing Denied Aug. 4, 1988.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Linda K. Baker, First
Asst. Atty. Gen., Denver, for petitioner-ap-
pellee Colorado State Bd. of Nursing.

No appearance for individual petitioners-
appellees.

Patricia A. Coan, P.C., Patricia A. Coan,
Denver, for respondent-appellant.

JONES, Judge.

Respondent, Colleen Crickenberger, ap-
peals the order of the Colorado State Board
of Nursing (the board) imposing sanctions
pursuant to § 12–38–117(1)(i), C.R.S. (1985
Repl. Vol. 5). We set aside the order.

Respondent was licensed as a Registered
Nurse on September 1, 1976, and has been
continuously licensed since that time, work-
ing generally in nursing homes or similar
settings. Prior to this case respondent's
professional competence has never been
called into question.

For some time prior to the autumn of
1984, respondent was aware that she had a
problem with alcohol. Her drinking had
caused her to be ill and absent from work,
although she was never intoxicated nor un-

der the influence of alcohol while on duty. In October 1984, she began treatment for the alcohol problem, attending meetings of organizations structured to assist persons to abstain from alcohol use, all with the knowledge and concordance of her employer's Director of Nursing.

On November 20, 1984, when respondent reported to her supervisor that she was ill and would not appear for work, the Director of Nursing, believing the illness was due to alcohol and that she had relapsed from her treatment program, terminated respondent, and filed the complaint with the board in this case.

Upon his finding that respondent "has [not] had any alcoholic beverages since October 1984," and that her November absence could not, therefore, be due to alcohol consumption, the hearing officer ordered the disciplinary proceeding dismissed. On review, the board accepted the hearing officer's findings of fact without exception, but concluded that the alcohol addiction or dependence was proven as of the time of the filing of the employer's complaint in December 1984, and imposed discipline.

## I.

■ Respondent first contends that the board's exceptions to the hearing officer's initial decision were untimely. We disagree.

Section 24–4–105(14), C.R.S. (1982 Repl. Vol. 10) provides that the hearing officer shall prepare the initial decision, and the agency shall serve it on the parties. The parties must file any exceptions within 30 days after that service by the agency.

Here, the initial decision of the hearing officer was submitted on September 15 to the Board. The board served respondent and the individual petitioners with the decision on October 2. Thereafter, on October 31, the exceptions of the Board and the individual petitioners were filed and were, therefore, timely. *See* § 24–4–105(14), C.R. S. (1982 Repl.Vol. 10); *North Washington Street Water and Sanitation District v. Emerson,* 626 P.2d 1152 (Colo.App.1980).

## II.

■ Respondent next contends that the board exceeded its authority and abused its discretion in finding she was addicted to or dependent on alcohol and in imposing sanctions therefor. We agree.

Section 12–38–117(1)(i), C.R.S. (1985 Repl. Vol. 5) states as follows, in pertinent part:

"(1) The board has the power to revoke, suspend, withhold, or refuse to renew any license, to place on probation a licensee or temporary license holder, or to issue a letter of admonition to a licensee in accordance with the procedures set forth in subsection (3) of this section, upon proof that such person:

.    .    .    .    .

(i) *Is* addicted to or dependent on alcohol ...; except that the board has the discretion not to discipline the licensee if he is participating in good faith in a program approved by the board designed to end such addiction or dependency;" (emphasis added)

■ In construing a statute, this court's principal role is to determine and give meaning to the intent of the general assembly, looking first to the language of the statute. Words and phrases must be given effect in accordance with their plain and ordinary meanings. If the language is facially clear and with reasonable certainty the intent may be discerned, it is not necessary to resort to other rules of statutory interpretation. *See People v. District Court,* 713 P.2d 918 (Colo.1986).

■ We hold that the plain language of § 12–38–117(1)(i) requires that the addiction or dependency must be proven to exist at the time of the hearing in order to be the source of a disciplinary action.

At the hearing, the hearing officer found "no evidence that respondent has had any alcoholic beverages since October 1984," and concluded that the evidence was not sufficient to prove an existing addiction as of the date of the hearing. On review, the board accepted the hearing officer's findings of fact without exception.

While the board may draw its own conclusions from the findings of fact it adopted, *see Puls v. People ex rel. Woodard,* 722 P.2d 424 (Colo.App.1986), those facts do not support the conclusion that respondent used alcohol at any time after October 1984. Thus, the Board erred in entering its final order, as the evidence does not support the conclusion that on the date of the hearing claimant had an alcohol addiction or dependency. As the board's final order was not supported by the facts, it must be set aside. *See Colorado State Board of Nurse Examiners v. Hohu,* 129 Colo. 195, 268 P.2d 401 (1954).

We deny respondent's request for an award of attorneys fees on appeal.

The order is set aside.

BABCOCK and CRISWELL, JJ., concur.