Keith G. DAVIS, Ph.D., Appellant,

v.

STATE BOARD OF PSYCHOLOGIST EXAMINERS, Appellee.

No. 88CA1782.

Colorado Court of Appeals, Div. II.

Dec. 28, 1989.

Rehearing Denied Jan. 25, 1990.

Certiorari Denied June 11, 1990.

Stevens, Littman & Biddison, Roger E. Stevens, Boulder, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Linda L. Siderius and James M. Humes, Asst. Attys. Gen., Denver, for appellee.

Opinion by Judge FISCHBACH.

Keith G. Davis (respondent) appeals the revocation of his license to practice psychology by the State Board of Psychologist Examiners. We affirm.

Following an evidentiary hearing conducted pursuant to § 24–4–105, C.R.S. (1988 Repl. Vol. 10A), the Administrative Law Judge (ALJ) found that respondent had committed professional misconduct in violation of the disciplinary standards set forth in § 12–43–111(1)(h), (*l*), (m), and (n), C.R.S. (1985 Repl. Vol. 5). The respondent was found to have disclosed confidential information about his patients to a third party, solicited loans from patients, and engaged in a sexual relationship with a client before terminating the psychotherapeutic relationship. The ALJ further found that respondent had provided a fraudulent bill to the client with whom he was sexually intimate for use in inflating damages in a civil law suit.

The ALJ's initial decision recommended that respondent's license be revoked for a period of two years, at which time respondent would be permitted to reapply for a license pursuant to § 12–43–111(4)(a), C.R.S. (1985 Repl. Vol. 5).

The State Board of Psychologist Examiners issued a final order accepting the ALJ's initial decision. However, based upon the ALJ's findings, the board further concluded that respondent's failure to terminate timely a therapeutic relationship violated not only the specific proscription against such conduct in § 12–43–111(1)(n), as determined by the ALJ, but also deviated from generally accepted standards of psychological practice in violation of

§ 12–43–111(1)(h). The Board determined that revocation was the appropriate sanction for each statutory violation proven, and ordered that respondent's license be permanently revoked.

## I.

The Act which governs the practice of psychology, § 12–43–101, et seq., C.R.S. (1988 Cum. Supp.), was repealed and reenacted with amendments in April 1988. *See* Colo. Sess. Laws 1988, ch. 88 at 535. The reenacted Act became effective on July 1, 1988, *subsequent* to the administrative hearing in this case, but *prior* to the entry of the ALJ's initial decision on July 29, 1988. As a threshold matter, therefore, we must determine whether this case is properly before us for review.

Under the old law, final decisions of the Board of Psychological Examiners were subject to review in the district court. Section 12–43–111(3)(f), C.R.S. (1985 Repl. Vol. 5). Under the current law, judicial review is now in this court. Section 12–43–217, C.R.S. (1989 Cum. Supp.). The only change in the substantive provisions at issue here is that the statutory prohibition against sexual intimacies between a psychologist and a client, formerly included under § 12–43–111(1)(*l*), C.R.S. (1985 Repl. Vol. 5), is now defined with greater specificity and established as a separate disciplinary violation under § 12–43–704(1)(q), C.R.S. (1989 Cum. Supp.).

■ Under Colo. Const. art. II, § 11, Colo. Const. art. XV, § 12, and § 2–4–202, C.R.S. (1980 Repl. Vol. 1B), changes in substantive law are required to operate prospectively. *Continental Title Co. v. District Court*, 645 P.2d 1310 (Colo.1982). By contrast, changes in procedural law are applicable to existing causes of action, unless a contrary intent is expressed in the statute. *Kardoley v. Colorado State Personnel Board*, 742 P.2d 934 (Colo.App. 1987).

■ Hence, we conclude that the validity of the Board's order must be determined under the substantive provisions of the prior law, § 12–43–111(1). However,

laws governing the forum for judicial review are procedural, and changes in the applicable procedural law should be applied retroactively if, as here, a contrary legislative intent has not been expressed. *Kardoley v. Colorado State Personnel Board, supra.* Therefore, since this case was pending when the 1988 amendment took effect, appellate jurisdiction is properly in this court.

## II.

■ As to the merits of the Board's orders, the respondent initially contends that the Board exceeded its jurisdiction in revoking his license. Relying on *Sanchez v. State*, 730 P.2d 328 (Colo.1986), he asserts that the Board was required either to afford him an initial opportunity to comply with all lawful requirements, or expressly to determine that he had deliberately and willfully violated § 12–43–111(1)(h), (*l*), (m) and (n). We reject this contention.

In *Sanchez v. State, supra,* the court held that if a licensee has engaged in activity that would warrant the sanction of revocation, § 24–4–104(3), C.R.S. (1988 Repl. Vol. 10A) requires, as a prerequisite to the sanction of revocation, that the licensee first be afforded a reasonable opportunity to modify the proscribed activity or, alternatively, that the agency expressly determine that the licensee's actions were willful and deliberate.

Here, neither of the *Sanchez* alternatives were followed by the Board. However, we conclude that *Sanchez* does not control the disposition of this case.

*Sanchez* involved alleged violations of § 12–28–101, et seq., C.R.S. (1985 Repl. Vol. 5), which governs the manufacture and distribution of fireworks. That statutory scheme does not contain specific licensing or disciplinary provisions independent of the State Administrative Procedure Act (A.P.A.), § 24–4–101, et seq., C.R.S. (1988 Repl. Vol. 10A). Thus, the license revocation in *Sanchez* was controlled by § 24–4–104 of the A.P.A.

■ By contrast, here, the revocation of the respondent's license was governed by

the statute specifically applicable to the practice of psychology. Section 12–43–104(3)(d), C.R.S. (1985 Repl. Vol. 5), as it then existed, vested licensing authority in the State Board of Psychologist Examiners, while § 12–43–111(1) enumerated the specific grounds upon which a psychologist's license could be suspended or revoked. Those specific statutory provisions control over the general provisions of §§ 24–4–104 and 24–4–105. *See* § 24–4–107, C.R.S. (1988 Repl. Vol. 10A); *Colorado State Board of Medical Examiners v. Reiner*, 786 P.2d 499 (Colo.App.1989). Hence, the Board acted within its authority in revoking the respondent's license based upon his violation of the disciplinary standards set forth in § 12–43–111(1)(h), (*l*), (m) and (n).

### III.

The respondent next raises various contentions of error asserting that the review process was procedurally defective and that he was denied due process.

### A.

Respondent initially contends that the Board violated due process by modifying the ALJ's ultimate findings concerning the violation of § 12–43–111(1)(h), and by increasing the sanctions from a two-year conditional revocation to permanent revocation. Respondent argues that, because a transcript of the disciplinary hearing was not ordered, the Board acted arbitrarily in modifying the initial decision. We do not agree.

■ Due process is satisfied by providing adequate notice of opposing claims, a reasonable opportunity to defend against those claims, and a fair and impartial decision. *Ranum v. Colorado Real Estate Commission*, 713 P.2d 418 (Colo.App.1985). Further, the administrative agency in a review proceeding is not bound by the ALJ's ultimate findings of fact or conclusions of law. Section 24–4–105(15)(b), C.R.S. (1988 Repl. Vol. 10A); *Puls v. People ex rel. Woodard*, 722 P.2d 424 (Colo.App.1986).

■ In this case, the ALJ found as a matter of evidentiary fact that respondent failed to terminate a therapeutic relationship with a client prior to entering into a sexual relationship with the client, and that this conduct violated generally accepted standards of psychological practice. On review, the Board accepted the ALJ's factual findings, but rejected the ALJ's conclusion that contrary to § 12–43–111(1)(h), such conduct was not violative of generally accepted standards of psychological practice. Because the determination on this question involved a conclusion of law, or a mixed question of law and fact, the Board properly exercised its statutory prerogative in substituting its judgment for that of the ALJ. *Puls v. People ex rel. Woodard, supra.*

■ We also find no error in the Board's decision to impose the sanction of permanent revocation. The statute as it then existed authorized revocation of respondent's license for each of the violations established, and the Board was endowed with broad discretion in determining an appropriate sanction. *Petersen v. Colorado Racing Commission*, 677 P.2d 412 (Colo. App.1983).

■ Finally, although the respondent challenged the ALJ's initial decision, the respondent failed to designate the transcript, as permitted under § 24–4–105(15)(a). Since neither the respondent nor the Board's counsel directly challenged the ALJ's factual findings, a review of the transcript was not required. Section 24–4–105(15)(a); *see Puls v. People ex rel. Woodard, supra.*

### B.

■ We also reject the respondent's assertion that he was entitled to notice of the review hearing. The A.P.A. does not require notice of the time and place of the agency review, and there is no constitutional right to be heard or to present evidence in a review proceeding. *Mitchell v. Klapper*, 626 P.2d 1163 (Colo.App.1980); *Dixon v. State Board of Optometric Examiners*, 39 Colo.App. 200, 565 P.2d 960 (1977). Therefore, the alleged failure to provide

respondent with notice of the review hearing does not constitute reversible error.

■ Furthermore, the record reflects that the Board member whom respondent alleges was biased abstained from both the discussion and vote on the disciplinary complaint. Hence, the respondent's allegations are without merit.

### C.

■ The respondent next argues that the presence of "conflicts counsel" from the Office of the Attorney General at the proceedings before the Board violated his due process rights. This contention is devoid of merit.

The use of conflicts counsel from the Attorney General's office as legal representative of the administrative agency has been expressly approved. *See People ex rel. Woodard v. Brown*, 770 P.2d 1373 (Colo.App.1989); *Ranum v. Colorado Real Estate Commission, supra.* Additionally, the Board's actions are entitled to a presumption of validity and constitutionality, *see Ranum v. Colorado Real Estate Commission, supra,* and respondent has not shown that he was prejudiced in any manner by the presence of conflicts counsel.

### D.

■ We also reject the respondent's contention that the Board was obligated to consider whether respondent has been rehabilitated pursuant to § 24–5–101, C.R.S. (1988 Repl. Vol. 10A). That section, on its face, applies only to an individual's eligibility for public employment after being convicted of a crime. It has no applicability to the revocation of the respondent's license under § 12–43–111(1).

### IV.

Respondent next contends that the statutory standards set forth in § 12–43–111(h), (*l*), (m), and (n) are unconstitutionally vague. We do not agree.

■ A statute is not void for vagueness if it fairly describes the conduct forbidden, and persons of common intelligence can readily understand its meaning and application. *Eckley v. Colorado Real Estate Commission,* 752 P.2d 68 (Colo.1988). Statutory terms need not be defined with mathematical precision. Rather, the statutory language must be sufficiently specific to give fair warning of the prohibited conduct, but must also be sufficiently general to address the problem under varied circumstances and during changing times. *Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue,* 618 P.2d 646 (Colo.1980). We are satisfied that the statutory terms challenged by the respondent are sufficiently definite to withstand a vagueness attack.

Section 12–43–111(1)(h), (*l*), (m), and (n), as in effect here, provided as follows:

"The board has the power to deny, revoke, suspend, or refuse to renew any license, or to place on probation a licensee, upon proof that such person:

"(h) Has acted or failed to act in a manner which does not meet generally accepted standards of psychological practice . . .

. . . .

"(*l*) Has maintained relationships with clients that are likely to impair his professional judgment or increase the risk of client exploitation, such as treating employees, supervisees, close colleagues, or relatives, or having sexual intimacies with clients;

"(m) Has exercised undue influence on the client, including the promotion of the sale of services, goods, property, or drugs in such a manner as to exploit the client for the financial gain of the practitioner or a third party;

"(n) Has failed to terminate a relationship with a client when it was reasonably clear that the client was not benefiting from the relationship and is not likely to gain such benefit in the future."

*Cf.* § 12–43–704(1)(g), (i), (j), (k); (q), C.R.S. (1989 Cum. Supp.)

■ The phrase "generally accepted standards" is a common legal concept that refers to norms of conduct applicable to similar persons in like circumstances. Thus, here, the respondent's compliance

with "generally accepted standards" of psychological practice required the respondent to exercise the same degree of knowledge, skill, and care as exercised by other psychologists in the community during the time period in question. *Kibler v. State,* 718 P.2d 531 (Colo.1986).

The generally accepted standards of psychological practice were developed in this case by expert testimony at the hearing. Based upon the ALJ's detailed factual findings, the Board concluded that respondent's actions deviated from acceptable standards of psychological practice for each of the five separate disciplinary violations established. We find no error or denial of due process in the application of the statutory standards to the evidence adduced at the hearing.

Further, although respondent argues that the evidence does not support the ALJ's findings of fact, the respondent failed to provide a transcript of the hearing to either the Board or this court, and thus, the ALJ's findings are presumed to be supported by the evidence and are binding on review. *Mayberry v. University of Colorado Health Sciences Center,* 737 P.2d 427 (Colo.App.1987).

The order is affirmed.

SMITH and TURSI, JJ., concur.