**The PEOPLE of the State of Colorado,
Petitioner–Appellee,**

**In the Interest of L.R.S., a Child,**

**and Concerning M.S., Mother, and C.S.,
Father, Respondents–Appellants.**

**No. 89CA0416.**

Colorado Court of Appeals,
Div. II.

Feb. 8, 1990.

Rehearing Denied March 8, 1990.

Certiorari Granted June 11, 1990.

Kathleen H. Taylor, Craig, for petitioner-appellee.

David M. Waite, guardian ad litem.

Calvin Lee, Glenwood Springs, for respondents-appellants.

Opinion by Judge NEY.

In this dependency and neglect action, respondents, M.S. and C.S. (parents), appeal from the trial court's order requiring them to reimburse the Department of Social Services the entire cost of their child's placement in a residential facility. We affirm.

School authorities recommended that L.R.S., a sixteen-year-old developmentally disabled child, be placed in a residential facility equipped to provide suitable treatment for handicapped children. Because the parents could not afford to pay the costs of a residential facility as those costs were incurred the school authorities suggested, and the parents requested that L.R.S. be adjudicated dependent and neglected.

The parents initially agreed to pay $221 per month during the time of placement as their share of the costs of residential care. The monthly fee was determined pursuant to a sliding fee schedule promulgated by the Department of Social Services. Under

that schedule, the parents were initially charged only during the months that the child was in the facility.

The Department subsequently modified its reimbursement policy requiring the parents to reimburse the *entire* cost of placement estimated by the Department to be $54,000, at monthly installments of $264. The parents objected to the assessment for the reimbursement of the entire cost of placement, and a hearing was held to determine the validity of the Department's action. The trial court affirmed the Department's order requiring full payment of the cost of L.R.S.'s care in monthly installments of $264. This appeal followed.

The parents assert that the trial court erred in interpreting the regulations of the Department of Social Services and Colorado statutes as authorizing the assessment of the entire cost of child placement. We disagree.

The trial court appropriately limited its ruling to the issue of whether the Department's decision to seek full reimbursement from parents in monthly installments established by Social Services Rules 7.802.712 and 713, 12 Code Colo.Reg. 2509-9, was authorized by the applicable Colorado statutes.

■ The parents do not argue that the $264 monthly assessment is not within their ability to pay or contrary to the formula developed by the Department but that the policy requiring them to pay the entire cost is an erroneous interpretation of the statutes. Although argued by the parties, policy considerations were properly not addressed by the trial court. State courts cannot, under the pretense of an actual case, assume powers vested in other branches of the government. *Wimberly v. Ettenberg*, 194 Colo. 163, 570 P.2d 535 (1977).

■ Relying on three statutory provisions, the trial court correctly determined that the obligation rests upon the parents of the child to make monthly payments, based on the parents' ability to pay, until placement costs are paid in full or until further order of the court.

Section 14-7-102, C.R.S. (1987 Repl.Vol. 6B) authorizes the state or county at whose expense a child is kept to recover from the parent:

"for the support of such child such sum for the care, support, and maintenance of the child as may be reasonable therefor, and in no case shall such sum be less than the per capita monthly or yearly amount of expense in the institution in which the child is confined or the actual expense incurred...."

Section 19-1-115(4)(d), C.R.S. (1989 Cum. Supp.) provides:

"When custody of the child is given to the county department of social services, such fee for residential care shall be in accordance with the fee requirements as provided by rule of the department of social services, and such fee shall apply, to the extent unpaid, to the entire period of placement."

Section 26-5-102, C.R.S. (1989 Repl.Vol. 11B) requires "those persons legally responsible for a child who are financially able ... to pay for all or a portion of services provided."

In construing statutes, this court's principal role is to determine and give meaning to the intent of the General Assembly, looking first to the language of the statute. Words and phrases should be given effect in accordance with their plain and ordinary meaning. If the language is clear, and with reasonable certainty the intent may be discerned, it is not necessary to resort to other rules of statutory interpretation. *State Board of Nursing v. Crickenberger*, 757 P.2d 1167 (Colo.App.1988). A statute must be read and considered as a whole and interpreted to give harmonious and sensible effect to all its parts. *People v. District Court*, 713 P.2d 918 (Colo.1986). Further, several statutes concerning the same subject matter are to be read together to the extent possible so as to give effect to legislative intent. *People Natural Gas Div. v. P.U.C. of Colorado*, 698 P.2d 255 (Colo.1985).

We conclude that the proper construction of the three applicable statutes together requires the Department of Social Services to assess a monthly fee based on the parents' ability to pay to cover the entire actual cost of their child's care. And, evidence

in the record supports the trial court's finding that the parents were financially able to pay the monthly assessment for child placement. Hence, imposition of the assessment met all statutory criteria.

 The trial court specifically inquired of parents' attorney if the parents relied on the Department of Social Services' prior policy to seek only reimbursement by monthly assessments equal to the number of months L.R.S. would be in placement in entering into their original agreement. The attorney unambiguously responded that this was not a basis for parents' assertion. Accordingly, we reject parents' argument in this appeal that the Department is estopped from collecting the fee under its changed policy. *See Cline v. City of Boulder,* 168 Colo. 112, 450 P.2d 335 (1969).

We therefore conclude that the Department's policy decision to seek full reimbursement is not inconsistent with its rules or the applicable statutes.

Order affirmed.

SMITH and MARQUEZ, JJ., concur.